# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

EDDIE LEE COTTON,  :
:
    Plaintiff,  :
:
v.  :  1:05-CV-116 (WLS)
:
GS DEVELOPMENT d/b/a FAIRFIELD INN  :
:
    Defendant.  :
:

## ORDER

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 53). For the following reasons, Defendant's Motion for Summary Judgment (Doc. 53) is **GRANTED**.

## DISCUSSION

### I. Factual Summary

On April 27, 2005, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Charge of Discrimination stated the following:

> I. I began working for the employer in May 1998 and most recently worked as an Assistant Manager. On three occasions beginning in November 2004 and continuing until January 2005 I was passed up for promotion to Manager. On April 11, 2004, I was demoted to Desk Clerk and on April 13, 2004, I was discharged.
> II. Mr. Gerald Sapp, Owner (White) stated I was not promoted because I was not ready to be a Manager. Ms. Shea Moore, Manager (White) stated I was being demoted because the Guest service score had dropped when I came to the hotel. She told me I was being discharged for having dissatisfied work behavior.
> III. I believe I have been discriminated against on the basis of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended. (Doc. 53, Exhibit 1).

Plaintiff did not assert that he was subjected to a hostile work environment while employed with Defendant.

1

## II. Summary Judgment Standard

Under Fed. R. Civ. P. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised. Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); *see also* Allen v. Tyson Foods, 121 F.3d at 646. A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See* Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 804 (1999); Celotex Corp. v. Catrett, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and

determine whether that evidence could reasonably sustain a jury verdict. Celotex Corp. v. Catrett, 477 U.S. at 322-23; Allen v. Tyson Foods, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

**III.   Analysis**

Prior to filing a claim under Title VII, a plaintiff must first exhaust his or her administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citing Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999)). Exhaustion requires, in part, that a plaintiff file a charge of discrimination with the EEOC. *Id*. (citing 42 U.S.C. § 2000e-5(b) (1994); Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000)). A plaintiff must do so within either 180 or 300 days[1] "after the alleged unlawful employment practice occurred." 42 U.S.C.A. § 2000e-5(e)(1). If a plaintiff fails to file before this time elapses, his claim is untimely. In other words, a plaintiff is procedurally barred for failure to exhaust Title VII's administrative remedies if he fails to file a charge of discrimination with the EEOC within 180 days of the alleged discrimination. *See* Everett v. Cobb County Sch. Dist., 138 F.3d 1407, 1410 (11th Cir.1998). Additionally, before the district court, a plaintiff may not allege new acts of discrimination which were not included in the EEOC charge. *See, e.g.*, Jerome v. Marriot Residence Inn Barcelo Crestline, 211 Fed.Appx. 844, 846-47 (11th Cir. 2006) (holding that plaintiff's disparate pay claim was not properly filed with the EEOC when plaintiff only alleged facts supporting his denial of promotion claim, notwithstanding the fact that plaintiff circled "wages" on the EEOC questionaire.). Plaintiffs may, however, bring claims that "amplify, clarify, or more clearly focus" allegations in the EEOC charge. Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277, 1279-80 (11th Cir. 2004).

---

[1]   The 300-day time period is utilized in those states that have entities with the authority to grant or seek relief with respect to unlawful employment practices and an employee files a grievance with that agency; in all other states, known as "non-deferral states," the charge must be filed within 180 days. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). Because Georgia is a non-deferral state, the 180-day time period applies. Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003).

Here, Defendant argues that Plaintiff failed to exhaust all available administrative remedies because he did not file a charge with the EEOC alleging a hostile work environment claim. (Doc. 54). Defendant also argues that notwithstanding Plaintiff's failure to exhaust his administrative remedies, he also cannot establish a prima facie case for such a claim. *Id*.

Plaintiff responds by explaining in great detail the facts he believes to establish a hostile work environment claim. (Doc. 59). However, Plaintiff fails to address Defendant's argument that he did not exhaust his administrative remedies, other than to state, "[a] cause of action for being subjected to a hostile work environment derives from the Charges filed." *Id*.

The Court need not address the arguments concerning Plaintiff's ability, or lack thereof, to establish a prima facie case for a hostile work environment claim, because it appears from the record that Plaintiff failed to exhaust all available administrative remedies. Defendant correctly notes, "[a] plaintiff can only litigate claims that are related to, and which reasonably be expected to grow out of, the charge of discrimination filed with the EEOC." (Doc. 54) (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir.1970) (holding Title VII complaint may encompass discrimination like or related to allegations contained in the EEOC charge and growing out of such allegations during the pendency of the case before the Commission)). Before the EEOC, Plaintiff challenged as discriminatory: Defendant's failure to promote him to a manager position, his demotion, and ultimate termination. (Doc. 54, Exhibit 1). Plaintiff's claim before the EEOC states, in its entirety:

> I. I began working for the employer in May 1998 and most recently worked as an Assistant Manager. On three occasions beginning in November 2004 and continuing until January 2005 I was passed up for promotion to Manager. On April 11, 2004, I was demoted to Desk Clerk and on April 13, 2004, I was discharged.
> II. Mr. Gerald Sapp, Owner (White) stated I was not promoted because I was not ready to be a Manager. Ms. Shea Moore, Manager (White) stated I was being demoted because the Guest service score had dropped when I came to the hotel. She told me I was being discharged for having dissatisfied work behavior.

4

III.  I believe I have been discriminated against on the basis of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended. (Doc. 53, Exhibit 1).

It is not likely that the Plaintiff's claims alleging discriminatory promotion practices would lead the EEOC to investigate Defendant's workplace for a hostile work environment. *See* Mulhall v. Advance Sec., Inc., 19 F.3d 586 (11th Cir. 1994) (holding that "A claim of unequal pay is not the equivalent of a claim alleging a failure to promote."). Since Plaintiff did not exhaust his administrative remedies with regard to the above claims of discrimination and none of the above claims "amplify, clarify, or more clearly focus" any of Plaintiff's claims which were properly before the Court, Defendant's Second Motion for Summary Judgment is due to be granted. Plaintiff has not shown the existence of a genuine issue of material fact with respect to meeting the requirement of exhaustion of available administrative remedies as to a hostile work environment claim.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion for Summary Judgment (Doc. 53) is **GRANTED**. Accordingly, summary judgment is granted in favor of Defendant as to Plaintiff's Title VII hostile work environment claim. To clarify the record, the Court previously granted summary judgment in Defendant's favor on Plaintiff's Title VII discriminatory demotion, termination, and failure to promote claims; therefore, Plaintiff has no remaining claims before the Court and it is hereby **ORDERED** that **JUDGMENT** be entered in favor of Defendant.

**SO ORDERED**, this __16th__ day of September, 2008.

                               /s/W. Louis Sands
                               **THE HONORABLE W. LOUIS SANDS,**
                               **UNITED STATES DISTRICT JUDGE**